IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02823-CMA-MJW

UNITED STATES OF AMERICA, for the use and benefit of
HEGGEM-LUNDQUIST PAINT COMPANY, a Colorado corporation,

      Plaintiff,

v.

CENTERRE GOVERNMENT CONTRACTING GROUP, LLC, a Colorado limited liability company;
BERKLEY REGIONAL INSURANCE COMPANY, a Colorado corporation;
KIEWIT BUILDING GROUP, INC., a Delaware corporation;
TURNER CONSTRUCTION COMPANY, a New York corporation;
KIEWIT-TURNER A JOINT VENTURE, a joint venture doing business in Colorado;
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation;
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
FEDERAL INSURANCE COMPANY, an Indiana corporation;
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,
ZURICH AMERICAN INSURANCE CORPORATION, a New York corporation;
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; and
THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania Corporation,

      Defendants.

**CONSENT ORDER REGARDING CONFIDENTIALITY OF INFORMATION
AND THE RETURN OF INADVERTENTLY PRODUCED DOCUMENTS
( Docket No. 72-1 )**

Upon stipulation of the parties and pursuant to Federal Rules of Civil Procedure 26 and 29, it is hereby ordered that all information, documents, and other material produced by the respective parties in this case have been and will be produced under the following conditions:

**Confidentiality**

1. The parties recognize that discovery in this case may call for the production of information or documents containing confidential and proprietary business information and other commercially sensitive information for each respective party, and that the parties have a protected proprietary and property interest in such information and documents.

2. Accordingly, the parties hereby stipulate and mutually agree that **all** information and documents produced in discovery in this case shall be considered confidential and shall not be used in any manner or disclosed to any persons except as otherwise set forth in this Order. When used in this Order, "Covered Material" means any and all information and documents produced by the respective parties in this case, other than information and documents that are a matter of public record.

3. When used in this Order, the term "Covered Persons" includes only the following: (1) the respective counsel for each names party involved in this case, including members of counsel's legal or support staff (e.g. in-hours investigators, secretaries, legal assistants, paralegals, and law clerks) to the extent reasonably necessary for such persons to render assistance in this case; (2) experts retained or consulted by counsel for any named party to assist in the preparation, prosecution, or evaluation of this case; (3) employees or other representatives of each named party who are directly involved in the preparation or prosecution of this case; and (4) personnel of the U.S. District Court for the District of Colorado (the "Court').

4.  Covered documents shall not be used for any purpose other than the prosecution or defense of this case, and shall not be shown, disseminated, or disclosed in any manner to anyone other than "Covered Persons" without the prior written agreement of the producing party or a subsequent order from the Court.

5.  Before showing or divulging any Covered Material to any of the Covered Persons listed in categories (2) and (3) of Paragraph 4 above, the respective counsel for each named party in this case shall first obtain from each such Covered Person a signed Written Assurance in the form attached hereto as Exhibit "A." Said counsel shall maintain a list of all such recipients of Covered Documents to whom this paragraph applies and the original of all Written Assurances required pursuant to this paragraph, and shall provide this list and/or copies of the Written Assurances upon request of the producing party. However, parties shall not be required to disclose the actual identity of any expert retained or consulted by the party until it is determined that such expert will be a witness at trial. At the conclusion of the case and any appeal thereof, all "Covered Persons," including, but not limited to, "consulting" experts shall return all Covered Documents to the counsel for the respective party that furnished such Covered Documents pursuant to this Order and, when appropriate, shall furnish appropriate assurances that they have done so.

6.  All "Covered Material," including copies thereof, shall be returned to the producing party through its counsel of record at the conclusion of this case or any appeal, or shall otherwise be disposed of in a manner that is acceptable to the party that has produced such "Covered Documents," and no copies thereof shall be retained, for

any reason whatsoever, by any person, firm, or corporation, including attorneys, without the written consent of the producing party.

7. The mere designation of information or a document as "Covered Material" shall not create any presumption with regard to the actual confidentiality or proprietary nature (unless such designation is actually determined by the Court) of any information or document, or its admissibility in any future proceeding in this case, nor shall it affect the burden of proof necessary for obtaining a ruling on admissibility from the Court.

8. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure. Also, this Order shall not preclude the parties from raising future arguments regarding the status of any or all documents produced by the respective parties to this case.

**Inadvertently Produced Documents**

9. The parties acknowledge that the documents involved in this matter are voluminous, and that, given the volume and locations of the documents involved in this case, there exists a possibility that a party may inadvertently produce documents which would otherwise be subject to a claim of privilege against discovery by the party producing the documents ("Producing Party");

10. For purposes of this Order, "Protected Information" shall include, but not be limited to, documents protected from discovery by the attorney-client privilege and the work product doctrine as defined in the Federal Rules of Civil Procedure and applicable judicial interpretations.

11. The production of originals or copies of Protected Information shall not constitute a waiver of the Producing Party's right to assert any privilege or work product protection with respect to those documents, even if the receiving party has shared the document with third parties. The Producing Party shall not be required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure, that it took reasonable steps to rectify the error, or that it acted promptly to provide notice of or otherwise rectify the disclosure. Moreover, the mere production of Protected Information without further use of that Protected Information in testimony, at trial, or on any motion other than a motion to compel as contemplated by paragraph 4, shall not be deemed "intentional" pursuant to Fed. R. Evid. 502(a)(1).

12. Upon written notice of recall of Protected Information from the Producing Party, the receiving party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 4 – within fourteen (14) days of receipt of that recall notice, (i) return or destroy all copies of the produced Protected Information (including deletion of electronic versions); (ii) destroy or delete any notes that may have been taken and database entries that may have been made during any review of the Protected Material; and (iii) provide a certification of counsel that the produced Protected Information designated in the recall notice has been returned or destroyed. Within ten (10) days of receipt of the notification that the produced Protected Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the produced Protected Information.

13. If the receiving party contests the claim of attorney-client privilege or work product protection made in a recall notice, the receiving party must – within fourteen (14) days of receipt of the recall notice – move the Court for an Order compelling disclosure of the produced Protected Information. This motion must not assert as a ground for compelling disclosure the fact or circumstances of the production and must be accompanied by a request to the Court to ~~seal~~ *Restrict Access to* the motion and any exhibits filed therewith in accordance with applicable court rules. Upon receipt of a recall notice, the receiving party must take reasonable measures to prevent any further dissemination of the produced Protected Information pending resolution of the motion to compel.  *[MJW 1-8-14]*

14. Within fourteen (14) days of an order denying a motion to compel regarding produced Protected Information, the receiving party must (i) return or destroy all copies of the produced Protected Information and (ii) provide a certification of counsel that the produced Protected Information designated in the notice has been returned or destroyed. Within ten (10) days of the receipt of the notification that the produced Protected Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the produced Protected Information.

15. If the notice from the Producing Party of the production of Protected Information is made during or in preparation for a deposition, the receiving party may not use the produced Protected Information at the deposition in any manner except for the limited purpose of questioning the witness to ascertain the strength of the claim of privilege or protection.

16. The Producing Party retains the burden of establishing the privileged or protected nature of the produced Protected Information. Nothing in this Order shall limit the right of either party to petition the Court for an *in camera* review of the produced Protected Information.

17. Where the receiving party becomes aware of produced Protected Information on its own review, that party shall promptly notify the Producing Party in writing of such production. Within fourteen (14) days of the receipt of that notice, the Producing Party must give the receiving party a written notice of recall if the Producing Party intends to recall the produced documents. That recall notice shall be treated as a recall notice as contemplated by paragraph 3. If the Producing Party does not provide a written notice of recall within fourteen (14) days of receipt of the notice from receiving party, the Producing Party waives its right to recall and the Protected Information will be thereafter deemed unprotected.

18. The parties may mutually stipulate in writing to extend the time periods set forth in paragraphs 12, 13, 14, and 17.

**Enforcement**

19. In the event that a party seeks judicial enforcement of this Order, the costs and reasonable attorney's fees of the party seeking enforcement shall be paid by the party against whom such enforcement is sought, but only in the event the Court finds the existence of a valid privilege or protection from disclosure and grants enforcement of this Order by directing the return of the Protected Information and finds that the party

opposing judicial enforcement of this Order did not have a good faith basis for its position.

Dated: January 7, 2014

WE ASK FOR THIS:

*For United States f/u/b Heggem-Lundquist Paint Co.*

 /s/ Stephen A. Mathews 
Stephen A. Mathews, Esq.
Stephen A. Mathews, P.C.
9896 Rosemont Avenue, Suite 104
Lone Tree, Colorado 80124
Telephone: (720) 242-9423
Facsimile: (720) 242-9852
E-mail: stephen@stephenmathewslaw.com

 /s/ Gerald D. Pratt 
Gerald D. Pratt, Esq.
Pratt & Landry, LLP
9896 Rosemont Avenue, Suite 104
Lone Tree, Colorado 80124
Telephone: (720) 583-2143
Facsimile: (720) 583-2483
E-mail: gpratt@prattandlandrylaw.com

*For Kiewit-Turner, a Joint Venture*
*Kiewit Building Group, Inc.,*
*Turner Construction Company,*
*Travelers Casualty and Surety Company of America,*
*Travelers Indemnity Company,*
*Federal Insurance Company,*
*Fidelity and Deposit Company of Maryland,*
*Zurich American Insurance Company,*
*Liberty Mutual Insurance Company, and*
*The Continental Insurance Company*

 /s/ Mark R. Berry 
Michael A. Branca
Mark R. Berry
Peckar & Abramson, P.C.
Two Lafayette Centre, Suite 500

8

1133 21st Street, N.W.
Washington, D.C. 20036
Telephone: (202) 293-8815
Facsimile: (202) 293-8815
Email: mbranca@pecklaw.com
        mberry@pecklaw.com

*For Centerre Government Contracting Group, LLC and Berkley Regional Insurance Company*

/s/ Edward DeLisle
Edward DeLisle
Cohen Seglias Pallas Greenhall & Furman, PC
30 South 17th Street
19th Floor
Philadelphia, PA 19103
Telephone: (215) 564-1700
Facsimile: (267) 238-4420
E-mail: edeslisle@cohenseglias.com

SO ORDERED.

January 8, 2014
Dated

Michael J. Watanabe
UNITED STATES MAGISTRATE JUDGE

9

# EXHIBIT "A"
## WRITTEN ASSURANCE

I hereby acknowledge and affirm that I have read the terms and conditions of the Consent Order Regarding Confidentiality of Information and Return of Inadvertently Produced Documents agreed to by the parties in United States of America, for the use and benefit of Heggem-Lundquist Paint Company v. Centerre Government Contracting Group, U.S. District Court for the District of Colorado, Case No. 1:13-cv-02823-CMA-MJW. I understand the terms of the Consent Order and consent to be bound by the terms of the Consent Order as a condition to being provided access to any "Covered Documents" furnished by any of the named parties involved in the subject arbitration. Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Consent Order. I also agree, pursuant to the terms of the Consent Order, to return all "Covered Documents," including copies thereof, to the party producing such "Covered Documents", at the conclusion of this action.

I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by each party producing "Covered Documents" and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Written Assurance, I recognize that any party producing "Covered Documents" may pursue all civil remedies available to it as a third-party beneficiary of this Written Assurance.

_____
Name

_____
Firm

_____
Address

_____
State, Zip Code

_____
Telephone Number

Subscribed and sworn to before me this the _____ day of _____, 20___.

_____
Notary Public

My Commission Expires _____  State: _____

10